1-16-18 at TCC and E-mailed by EPJ, 33 pages initials No.

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

Ryan Harrison  1290503  )
(full name)  (Register No).  )
_____  )
_____  )
         Plaintiff(s).    )   Case No._____
                          )
v.                        )
                          )
Corizon LLC,              )
Rex Hardman, M.D.         )
Sydnee Serr, Kathy Unknown L.P.N) Defendants are sued in their (check one):
(Full name)               )   ____ Individual Capacity
_____   )   ____ Official Capacity
_____   )    *   Both
         Defendant(s).

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I. Place of present confinement of plaintiff(s): Tipton Correctional Center 619 N. Osage Ave., Tipton, MO 65081

II. Parties to this civil action:
Please give your commitment name and any another name(s) you have used while incarcerated.

   A. Plaintiff Ryan Harrison     Register No. 1290503
      Address 619 N. Osage Ave. Tipton, MO 65081

   B. Defendant Rex Hardman M.D.
      Is employed as Medical Director at Tipton Correctional Center

   For additional plaintiffs or defendants, provide above information in same format on a separate page.

1

cont'd. II (B)
Defendant: Sydnee Serr N.P.
Employed as: Nurse Practitioner at Tipton Correctional Center

Defendent: Kathy Unknown L.P.N.
Employed as: License Practical Nurse at Tipton Correctional Center

| | | | |
|---|---|---|---|
| III. | Do your claims involve medical treatment? | Yes * | No ____ |
| IV. | Do you request a jury trial? | Yes * | No ____ |
| V. | Do you request money damages? | Yes * | No ____ |

State the amount claimed?  $1,000,000.00 punitive
$ 400,000.00 _____ (actual/punitive)

VI. Are the wrongs alleged in your complaint continuing to occur?  Yes * No ___

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure?
Yes * No ____

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution?  Yes * No ____

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)
TCC 17-770, 8-29-17, Refusing appointment with a muscular dystrophy neurologist. (See Exhibit B).
TCC 16-605, 8-12-16, Refusing medical treatment for muscular dystrophy and correct physical therapy (See Exhibit S).

D. If you have not filed a grievance, state the reasons.
_____
_____
_____

VIII. Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case?  Yes ____ No *

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated?  Yes ____ No *

C. If your answer is "Yes," to either of the above questions, provide the following information for each case.

(1) Style: _____
      (Plaintiff)            (Defendant)
(2) Date filed: _____

(3) Court where filed: _____

(4) Case Number and citation: _____

(5) Basic claim made: _____

(6) Date of disposition: _____

(7) Disposition: _____
(Pending) (on appeal) (resolved)
(8) If resolved, state whether for: _____
(Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX. Statement of claim:

A. State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

    Please see attachment...

B. State briefly your legal theory or cite appropriate authority:

    ~~Please see attachment...~~
    Dulany v. Carnahan, 132 F.3d 1234, 1240-41 (8th Cir. 1997)
    Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000)
    Estelle v. Gamble, 429 U.S. 97, 104, S. Ct. 285, 50 L. Ed. 2d (1976)

3

ATTACHMENT IX(A) (CLAIMS)

1) Plaintiff Ryan Harrison claims that Corizon defendents are deliberately indifferent to plaintiffs serious medical needs in violation of the eighth amendment prohibition of cruel and unusual punishment.

2) A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize that necessity for a doctor's attention.

3) Plaintiff suffers from a form of muscular dystrophy called Facioscapulohumeral Muscular Dystrophy (FSHD) (Exhibit A).

4) Corizon defendents have failed to provide adequate healthcare services, proper treatment, and physical therapy.

5) As a result of Corizon defendents actions, plaintiff's medical condition has unnecessarily deteriorated causing persistent pain in limbs, numbness, difficulty breathing at night, cardiorespirartory issues, excessive muscle loss, emotional distress, needless pain and suffering, and permanent injury, as a result of defendents refusals of not allowing plaintiff to see a muscular dystrophy neurologist and a physical therapist (Exhibit B & C).

6) Quote from Academy of Neurology, "Physical and occupational therapy including exercises to maintain range of motion, prevent weakness from lack of muscle use, and improve cardiorespirartory status (function of heart and lungs)." (Exhibit D) and "working with physical therapist to manage pain of muscles, other soft tissues and joints." (Exhibit E). Plaintiff has filed numerous grievances asking Corizon defendents to allow plaintiff to see a muscular dystrophy neurologist and a physical therapist (Exhibit F & G).

7) Quote from IRR and grievance responses, "If your medical condition changes, please address any concerns throught the sick call process at your facility." (Exhibit H, I, J). Plaintiffs medical condition is constantly changing but Dr. Hardman and Nurse Serr are only prescribing medication which is **NOT** meeting plaintiff's medical needs.

8) April 21, 2017 plaintiff had muscle spasms, Nurse Serr prescribed Vistaril and a wheelchair. Plaintiff keeps having muscle spasms and self-declares multiple times a day. Nurse Kathy told plaintiff to "stop self-declaring because there is nothing that we (medical) can do." (Self-declare means something you would go to the emergency room for).

9) Corizon defendents are not trying to figure out what causes the muscle spasms. Plaintiff has asked Corizon defendents to figure it out through the sick call process but Corizon defendents refuse so plaintiff filed grievances on the

the issue (Exhibit K).

10) Dr. Hardman ordered theraband exercises but plaintiff was not shown how to do the exercises. MDA states, "An exercise program for someone with FSHD should be directed by a professional such as a physical therapist or occupational therapist who specializes in neuromuscular disorders. The program should emphasize exercising muscles that are still relatively strong and resting those that have weakened." (Exhibit L). Plaintiff was not directed at all.

11) Quote from IRR response TCC 17-770 states, "In conclusion, recommendations received from outside providers are reviewed and are considered in the development of your individual treatment plan." (Exhibit M). Nurse Serr referred plaintiff to a muscular dystrophy neurologist again but Corizon defendants denied the referral and sent plaintiff to physical therapy butit was for only 6 weeks. Physical therapy from the outside provider actually increased plaintiffs range of motion.

12) Plaintiff put in 2 seperate Health Service Requests for a back brace and plaintiff had an appointment with Dr. Hardman and Nurse Serr. They both said that it's proven through orthopedics that plaintiffs muscles would become dependent on the back brace, which is contrary to MDA recommendations.

13) MDA states, "Physical therapists often recommend devices such as back supports, corsets, girdles, and special bras for people with FSHD. These supports help compensate for weakening muscles in the upper and lower back." (Exhibit N), and "A supportive corset or AFO can help with mobility and endurance, they say, and supporting muscle in a normal position can help you use your remaining strength more effectively." (Exhibit O). Dr. Hardman told plaintiff to "man-up" and that plaintiff "would have to deal with the pain since plaintiff is in prison."

14) Quote from grievance response TCC 17-770 states, "At the current time you do not meet the criteria to see the specialist again." (Exhibit P). The specialist is a neurologist from the outside provider that doesn't specialize in muscular dystrophy. Plaintiff needs to see a muscular dystrophy neurologist. Corizon has denied plaintiff seeing any muscular dystrophy neurologist at any time.

15) Quote from grievance appeal TCC 17-770 states, "ATP (alternative treatment plan, 6 weeks of physical therapy, from the outside provider) given for the affected limb." (Exhibit Q). Plaintiff needs to continue physical therapy as it has helped extremely well and the physical therapy is for muscular dystrophy.

16) MDA states, "There's no treatment that can halt or reverse the effects of the disease, but there are treatments to alleviate many of the symptoms." (Exhibit R). The physical

2
Case 2:18-cv-04012-BCW   Document 1   Filed 01/16/18   Page 6 of 9

therapy increased plaintiffs range of motion and decreased some of the pain. Plaintiff is suffering needless pain when relief is readily avaliable, through continued physical therapy.

17) Nurse Serr requested to continue physical therapy and on 3 seperate occasions requested for plaintiff to see a muscular dystrophy neurologist. Corizon defendants denied both requests.

18) Corizon's sick call is a disaster. Plaintiff is unable to get a second opinion or go to a medical facility of plaintiffs choice because plaintiff is incarcerated.

19) In conclusion, plaintiff is forced to rely solely on Corizon defendants to treat plaintiffs serious medical needs. It is truly sad that Corizon defendants put cost savings and profits over adequate healthcare. This infliction of unnecessary suffering pain, emotional distress, and irreversible deterioration of ones body is contrary to contemporary standards of decency.

X. Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.
Court order Corizon to provide correct physical therapy one day per week as previously ordered.
Court order Corizon to allow plaintiff to be seen by a muscular dystrophy neurologist. Court order Corizon to pay plaintiff actual & punitive damages.

XI. Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name. _____

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?   Yes _*_ No____

If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.
Please see attachment...

C. Have you previously had a lawyer representing you in a civil action in this court?
Yes____ No _*_

If your answer is "Yes," state the name and address of the lawyer.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this __16__ day of __January__ 20_18_

_____
Signature(s) of Plaintiff(s)

4

ATTACHMENT YI(B)

1) Bley & Evans
   1000 West Nifong, Building 4, Suite 200
   Columbia, MO 65203

2) Ford, Parshall, & Baker
   3210 Bluff Creek Dr.
   Columbia, MO 65201-3525

3) Thomas, Birdsong, Mill, McBride, & Osborne
   1100 North Elm St.
   P.O. Box 248
   Rolla, MO 65402-0248

4) Daniel, Powell, & Brewer
   300 John Q Hammons Parkway, Suite 200
   Springfield, MO 65806

5) Hosmer and Wise
   Plaza Towers, Suite 605
   1736 East Sunshine
   P.O. Box 4729
   Springfield, MO 65808-4729